UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL CASE NO. _____

---

**CARLO DEMARIA, JIMMY
DEMARIA, MAURO MARCHIONI,
GIUSEPPE DEMARIA, and
MUNICIPAL WEB PORTAL
SYSTEMS, INC.**

Plaintiffs,

v.

**GISBEX CLEARING
CORPORATION, S.A.,
MONEYLINE BROKERS, SANDIAS
AZUCARADAS JEM, S.A.,
BASTILLE ADVISORS, INC.,
BAYSWATER, INC., DAVID K.
RUSHING, MICHAEL RUSHING,
ROBIN RUSHING, ROGER G.
COLEMAN, AND CYNTHIA A.
TAYLOR.**

Defendants.

FILED by _𝓔𝓑_ D.C.

FEB 1 0 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

---

## COMPLAINT

Plaintiffs, Carlo Demaria, Jimmy Demaria, Mauro Marchioni, Giuseppe

Demaria, and Municipal Web Portal Systems, Inc. (**"Plaintiffs"**), by and through

their undersigned counsel, file this Complaint against GISBex Clearing

Corporation, S.A., Moneyline Brokers, Sandias Azucaradas JEM, S.A., Bastille

1

Advisors, Inc., Bayswater, Inc., David K. Rushing, Michael Rushing, Robin Rushing, Roger G. Coleman, and Cynthia A. Taylor (hereinafter collectively referred to as the "**Defendants**") and allege as follows:

## NATURE OF THE ACTION

1.      The present action is prepared to recover funds and personal property belonging to Plaintiffs; which property, upon information and belief, remains in the possession and/or control of one or more of the named Defendants.

2.      Plaintiffs are Canadian residents which were solicited by David, Michael, and Robin Rushing, acting on behalf of all Defendants, for brokerage services in the purchase and/or sale of securities; which Defendants have been and continue to unlawfully operate within the United States.

3.      The Defendants are collectively operating an international securities brokerage business which is headquartered in Costa Rica, although which securities brokerage services are marketed to and performed for the benefit of residents of Canada and the United States.

4.      Plaintiffs, who were solicited by the Defendants to use such brokerage services, have collectively deposited a total of 24,700,000 shares of common stock of BRYN Resources, Inc. ("**BRYN**"), a publicly traded company within the United States, with the Defendants.

5.       Between approximately May 28, 2009 and December 1, 2009, the

Defendants have executed numerous trades in BRYN, for the Plaintiffs' accounts,

and have now refused to return either the securities and/or proceeds from the sale

thereof. Accordingly, Plaintiffs have and will continue to suffer damages until

their respective funds and securities are returned.

## PARTIES

6.       Plaintiffs Carlo Demaria, Jimmy Demaria, Mauro Marchioni, and

Giuseppe Demaria are resident in and citizens of Canada.

7.       Plaintiff Municipal Web Portal Systems, Inc. is an entity incorporated

and existing under the laws of the Province of Ontario.

8.       Defendant GISBeX Clearing Corporation, S.A., aka The Global

Internet Stock Brokerage Exchange, Inc. ("**GISBeX**") is a corporation formed and

existing under the laws of Costa Rica. GISBeX does not maintain a registered

agent in the State of Florida nor is legally authorized to conduct business within

this State, although maintains mailing and/or office addresses at 7979 NW 21st

Street, Suite SJO 5593, Miami, Florida 33122 and 4440 NW 73rd Avenue, Miami,

Florida 33106. GISBeX, while formed and operating in Costa Rica, provides

channels of communication to the United States, directly or indirectly, by and

through the instrumentality of interstate commerce. In particular, GISBeX

maintains web address at www.gisbex.com, provides customer support via email at

info@gisbex.com, and even provides toll-free telephone customer service within the United States; which telephone number is (888) 944-7239.

9.     Defendant Moneyline Brokers ("**Moneyline**") is a wholly owned subsidiary of GISBeX. Moneyline is not registered as a broker-dealer with the U.S. Securities and Exchange Commission ("**SEC**"), although conducts operations in violation of state and federal registration requirements as it collects fees and commissions for the purchase and/or sale of securities. Such transactions include the purchase and/or sale of (i) U.S. stocks, corporate bonds, mutual funds, and treasury notes and shares, (ii) Canadian stocks, and (iii) foreign stocks and bonds. Moneyline maintains telephone support within the United States, which telephone number is (506) 290-8973, and also operates an office from 816 West Francis Ave., Suite 121, Spokane, Washington 99205.

10.     Defendant Sandias Azucaradas JEM, S.A. ("**Sandias**"), also believed to be operating under the name of Sandias Azucaradas CR, S.A., is a Costa Rican Corporation with address at Zapote Del Itan 300 E 300N, San Jose, Costa Rica. Sandias is under common control with GISBeX as it accepts and/or maintains custody of funds and/or securities deposited with the Defendants. Sandias utilizes the mails and instrumentalities of interstate commerce as it accepts, on behalf of Moneyline and or one or more of the named Defendants, wire transfers within the United States. Such funds are accepted by and through HSBC Bank USA, N.A.,

4

with office location at 140 Broadway, New York, NY 10015 and are subsequently

transferred to Sandias' beneficiary account with HSBC Bank, S.A. in the Republic

of Panama. Sandias also operates as the nominee for shareholders wishing to

deposit securities in "street name" or electronic form; which securities are under

the control of and traded by GISBeX. Communications with Sandias are made

through David, Michael, and Robin Rushing, and the individual defendants

communicate via email with address of office@sandiasazucaradas.com and

telephone number of (506) 326-4253. David Rushing is also affiliated with

Sandias and holds his employment out as "process services".

11.       Defendant Bastille Advisors, Inc. ("**Bastille**") is an entity under

common control with GISBeX and is held out to be the "compliance" arm of

Defendants; including the previous involvement with the replacement of one of

Plaintiffs' lost stock certificates. David Rushing communicates on Bastille's behalf

through email, which address is office@bastilleadvisors.com, by telephone which

number is (702) 320-5913, and also by the mails; by and through the Las Vegas

address listed herein. Bastille is a Nevada corporation with principal office address

of 2724 Otter Creek Ct 101, Las Vegas, Nevada 89117. Roger G. Coleman is

listed as the president, treasurer, and director and Cynthia A. Taylor is the

company's secretary. David K. Rushing is also listed as employed with "process

services" for Bastille. Furthermore, Bastille operates as the "legitimate" U.S. entity

and transmits funds and/or securities on behalf of various Defendants through U.S. financial institutions; including Track Data Securities Corporation of Brooklyn, New York and JP Morgan Chase, N.A. of Baton Rouge, Louisiana.

12.　　　Bayswater, Inc. ("**Bayswater**") is yet another entity under common control with GISBeX and is used as a nominee for the registration of securities; or securities in "street name" or electronic form and which are similarly controlled and traded by GISBeX.  Roger Coleman operates as the treasurer and secretary of Bayswater and Cynthia A. Taylor as president.

13.　　　Defendants David K. Rushing, Michael Rushing, and Robin Rushing, are believed to be residents of the State of Washington and operate as a link to the international securities business described herein; including employment as unlicensed representatives in the purchase and/or sale of securities.  These individual defendants utilize the mails and instrumentalities of interstate commerce as they maintain office address at 816 West Francis Ave., Suite 121, Spokane, Washington 99205, accept mail correspondence on behalf of all Defendants through their Spokane, Washington address, and provide telephone access within the United States; which number is (506) 326-4253.

14.　　　Defendants Roger G. Coleman and Cynthia A. Taylor are, upon information and belief, residents of Nevada as they hold their address of employment out as 2724 Otter Creek Court, Suite 101, Las Vegas, Nevada 89117.

## JURISDICTION AND VENUE

15.     Plaintiffs bring this action pursuant to §10(b) of the Securities

Exchange Act of 1934 ("**Securities Exchange Act**"), 15 U.S.C. §78(b), and Rule

10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5.

16.     This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§1331, 1332, and 1367 and Section 27 of the Securities

Exchange Act, 15 U.S.C. §78aa.

17.     Venue is proper in this District pursuant to Section 27 of the

Securities Exchange Act and 28 U.S.C. §1391.  Substantial acts in furtherance of

the alleged unlawful activity and/or its effects have occurred within this District.

18.     In connection with the acts, conduct and other wrongs alleged in this

Complaint, the Defendants, directly or indirectly, used the means and

instrumentalities of interstate commerce, including but not limited to the mails and

interstate telephone communications.

## COUNT I
## VIOLATION OF SECTION 10(b) OF THE SECURITIES EXCHANGE ACT
### and RULE 10B-5
### (15 U.S.C. §78(b), 17 C.F.R. §240.10b-5)

19.     Plaintiffs hereby incorporate paragraphs 1 through 18 herein the same

as if such were repeated in full.

20.     Defendants, jointly and severally, directly or indirectly, by the use of

any means or instrumentality of interstate commerce or of the mails, or of any

facility of any national securities exchange, have used or employed, in connection with the purchase or sale of any security, (a) devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary in order to make the statements made not misleading in light of the circumstances under which they were made; and (c) engaged in acts, practices, and a course of conduct which operated as a fraud and deceit upon the Plaintiffs.

21.      Defendants knew, or were reckless in not knowing, that these misrepresentations and omissions were false and/or misleading when made.  In particular, Defendants knew or should have known that registration with the SEC was required to effect purchases and/or sales of securities and, by failing to do so, have engaged in a course of conduct which operated as a fraud and deceit upon Plaintiffs.

## COUNT II
## VIOLATION OF SECTION 15 OF THE SECURITIES EXCHANGE ACT
## (15 U.S.C. §78o)

22.      Plaintiffs hereby incorporate paragraphs 1 through 21 herein the same as if such were repeated in full.

23.      GISBeX, Moneyline, Sandias, Bastille, and Bayswater, which are not registered with the SEC, have violated Section 15 of the Securities Exchange Act

as Defendants have made use of the mails, means or instrumentality of interstate commerce to effect transactions in the purchase and/or sale of securities.

24.      David, Michael, and Robin Rushing and Roger G. Coleman and Cynthia A. Taylor have also violated Section 15 of the Securities Exchange Act as such person(s) are natural persons not associated with a broker-dealer registered with the SEC and have made use of the mails, means or instrumentality of interstate commerce to effect transactions in the purchase or sale of securities.

25.      The Defendants do not and cannot establish a lawful exemption from registration as a broker-dealer pursuant to Section 15 of the Securities Exchange Act.

## COUNT III
## FRAUDULENT TRANSACTIONS IN CONNECTION WITH THE OFFER, SALE, OR PURCHASE OF A SECURITY
### (Fla. Stat. §517.301)

26.      Plaintiffs hereby incorporate paragraphs 1 through 25 herein the same as if such were repeated in full.

27.      Defendants, in connection with the offer, sale, or purchase of any investment or security have, directly or indirectly, (i) employed a device, scheme, or artiface to defraud, (ii) obtained money or property by means of an untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading, or (iii) engaged in transactions, practices, or courses of conduct which operated as a fraud or deceit upon Plaintiffs.

## COUNT IV
## FAILURE TO REGISTER DEALERS AND/OR ASSOCIATED PERSONS FOR THE SALE OF SECURITIES
### (Fla. Stat. §517.12)

28.      Plaintiffs hereby incorporate paragraphs 1 through 27 herein the same as if such were repeated in full.

29.      By an through the conduct alleged herein, the Defendants, jointly and severally, directly or indirectly, have violated the laws of the state of Florida as they have sold or offered to sell securities from offices in the State of Florida or sold securities to persons in this State from offices outside the State of Florida, by mail or otherwise,  as Defendants have not registered as dealers and/or associated person(s) to sell securities pursuant to Fla. Stat. §517.12.

30.      As Defendants have violated Fla. Stat. §517.12 & §517.301, each person making the sale and every director, officer, partner, or agent of Defendants is jointly and severally liable to Plaintiffs in accordance with Fla. Stat. §517.211.

## COUNT V AGAINST ALL DEFENDANTS
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (Fla. Stat. §501.201 et al.)

31.      Plaintiffs hereby incorporate paragraphs 1 through 30 herein the same as if such were repeated in full.

32.     Defendants, by and through the acts and practices described herein have violated the Florida Deceptive and Unfair Trade Practices Act.

33.     In particular, Defendants, jointly and severally, directly or indirectly, have engaged in (i) unfair methods of competition, (ii) unconscionable acts or practices, and/or (iii) unfair or deceptive acts or practices in the conduct of any trade or commerce.

## COUNT VI
## UNJUST ENRICHMENT

34.     Plaintiffs hereby incorporate paragraphs 1 through 33 herein the same as if such were repeated in full.

35.     Defendants, by accepting fees and/or commissions for the purchase and/or sale of securities in violation of both state and federal law, have been unjustly enriched by any fees and/or commissions paid by Plaintiffs in the sale of the securities.

## COUNT VII
## REPLEVIN

36.     Plaintiffs hereby incorporate paragraphs 1 through 35 herein the same as if such were repeated in full.

37.     Plaintiffs, as the full and unqualified owners of the funds and securities described herein, are entitled to present possession of their respective property.

38.      Defendants, jointly and severally, have wrongfully detained possession of the funds and securities from Plaintiffs.

**COUNT VIII**
**CONVERSION**

39.      Plaintiffs hereby incorporate paragraphs 1 through 38 herein the same as if such were repeated in full.

40.      Defendants retention of Plaintiffs' funds and securities, and refusal to return upon Plaintiffs' request, amounts to an unlawful conversion of Plaintiffs' property.

Wherefore, Plaintiffs pray for relief and judgment as follows:

1.      Issuance of a writ of replevin for the funds and shares described herein and award of judgment for the property and possession thereof or, if it cannot be found, for damages and costs in amount to be determined at trial;

2.      Awarding Plaintiffs reasonable costs and expenses incurred in this action, including attorneys' fees;

3.      Awarding Plaintiffs the legal rate of interest from the dates of sale of the securities; and

4.      Awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

Respectfully submitted this 5th day of February, 2010.

_____
Michael Stegawski, Esq.
Florida Bar No. 51589
Convergent Advisory Services, P.A.
3525 Piedmont Road
7 Piedmont Center, Suite 300
Atlanta, GA 30305
Tel: (866) 439-4942
Fax: (866) 927-1674
Email: michael@globalsecuritieslaw.com