```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA
                      MIAMI DIVISION
             Case No. 10-20426-CIV-GRAHAM/TORRES
```
_____

CARLO DEMARIA, JIMMY DEMARIA,
MAURO MARCHIONI, et al.,

Plaintiffs,

vs.

GISBEX CLEARING CORPORATION,
S.A., et al.,

Defendants.

_____

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY

Plaintiffs, Carlo Demaria, Jimmy Demaria, Mauro Marchioni, Giuseppe Demaria, and Municipal Web Portal Solutions, Inc. ("**Plaintiffs**"), by and through their undersigned counsel, file their response to Defendants', David K. Rushing, Robin Rushing, and Michael Rushing ("**Washington Defendants**") and Cynthia A. Taylor, Roger G. Coleman, Bayswater, Inc., and Bastille Advisors, Inc. ("**Nevada Defendants**") Motion to Stay Discovery [D.E. 42].  Collectively, all of the named defendants in this matter shall be referred to herein as simply ("**Defendants**")

### Preliminary Statement

The present motion is before the Court on the Washington and Nevada Defendants' request to stay discovery pursuant to the

1

Private Securities Litigation Reform Act ("**PSLRA**"), Section 21D(b)(3)(B) of the Securities Exchange Act of 1934 ("**Exchange Act**"), 15 U.S.C. § 78u-4(b)(3)(B).  Plaintiffs have filed their First Amended Complaint [D.E. 31] on April 30, 2010; raising claims of violations of §§ 10(b) and 15(a) of the Exchange Act, for violations of the anti-fraud and broker-dealer registration requirements, Florida Statutes §§517.301 and 517.12, for violations of the Florida securities laws, Fla. Stat. §501.201 et. seq., in connection with the Florida Deceptive and Unfair Trade Practices Act, and then common law claims of unjust enrichment, conversion, and fraud.  The Washington and Nevada Defendants have in turn moved to dismiss the First Amended Complaint [D.E. 36].  Pending this Court's decision on the Motion to Dismiss, these defendants also request that all discovery is stayed until such time as a ruling is made [D.E. 42].

First, in making such decision and in evaluating the propriety of the Washington and Nevada Defendants' request, an examination behind the legislative intent of the PSLRA, and the associated discovery stay, is essential as the legislative purpose in its enactment is absent in this matter.  Second, the law is settled that the PSLRA discovery stay only applies to claims involving securities fraud, which are also dependent upon

2

federal question jurisdiction, and will not work to impede a party's right to proceed with discovery on any state-based claims which have an independent jurisdictional basis.  Third, a court is required to take a "preliminary peek" into the merits of the pending motion to dismiss and underlying litigation to balance the potential harm produced by subjecting plaintiffs to the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  As such, if this Court finds that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party, discovery must continue in spite of the PSLRA.

## Factual Background

Since the evaluation of Washington and Nevada Defendants' request for stay requires a preliminary examination of the merits of the case, a brief factual review is warranted here. Plaintiffs, Canadian residents, instituted this action to recover funds and personal property deposited within the State of Florida, after the solicitation by the Washington Defendants for brokerages services, consisting of several million shares of stock, and proceeds therefrom, of a publicly traded company in the United States. Defendants executed numerous trades for Plaintiffs' accounts in their illusory on-line trading platform

designated as "Moneyline Brokers"; which is simply an accounting mirror of brokerage accounts Defendants control and/or operate in nominees names within the United States. Thereafter, Defendants converted the shares and proceeds therefrom for their personal gain.

While Defendants' operation demonstrates a concentrated effort to evade the broker-dealer registration requirements within the United States and the manner which Plaintiffs' property was converted relates to this online brokerage fraud, the present matter, in its most fundamental sense, is a simple case of conversion. Defendants, who were required to register as broker-dealers or agents thereof, should have functioned in a custodial capacity for Plaintiffs' property; an agency relationship that was evidently disrupted when Defendants elected to refuse Plaintiffs' demand for the return of their property.

At this juncture of litigation, the case can best be characterized as an international division to evade the powers of the U.S. Courts. The Nevada and Washington Defendants have joined together in representation and, after reviewing Defendants' Motion to Dismiss [D.E. 36] and Sworn Declarations in Support, the Nevada and Washington Defendants disclaim any involvement with Plaintiffs **in the State of Florida**. However,

4

such declarations were carefully constructed to narrow the applicability of the declarations to what these Defendants could reasonably contend were actions "in Florida" as they do not dispute the fact that they were involved in various activities involving Plaintiffs and their respective property, were agents of the fraudulent foreign or unregistered entities named in this action, used the mails and instrumentality of interstate commerce, including directing deposit of Plaintiffs' property in offices within the State of Florida, nor dispute their involvement in the conversion of Plaintiffs' property.  In fact, a review of the declarations only further establishes Plaintiffs' contentions as Defendant Robin Rushing actually declares her relationship with GISBeX.[1]  At the other division are the foreign entities and/or unregistered entities, including GISBeX Clearing Corporation S.A., Sandias Azucaradas JEM, S.A., and Moneyline Brokers, which were served pursuant to Fla. Stat. §48.071 and/or Fla. Stat. 48.181 and, upon Plaintiffs' application and filing of such service, should have a default entered against them by the Clerk of this Court.  However, such default may not aid Plaintiffs in the recovery of their property

---

[1] In her May 12, 2010 declaration, Robin Rushing provides, under penalty of perjury, that "the internet servers through which the Plaintiffs conducted their securities transactions and described in the GISBeX brokerage account application documents attached to Plaintiffs' First Amended Complaint as Exhibits A to E are located in Costa Rica, and are not located in the states of Florida, Washington or Nevada".  In other words, Ms. Rushing has such involvement with GISBeX that she has the knowledge and capability to swear as to the physical location of the servers which operate this fraudulent platform.

5

without the aid of immediate discovery as the Nevada and Washington Defendants attempt to distance themselves from the fraud and the foreign defendants will likely attack the validity and enforcement of any judgment rendered by a U.S. Court; all while Plaintiffs' property has been secured behind foreign borders.  What is even more troubling is the possibility that the Nevada and Washington Defendants' legal representation may be funded by these foreign and unregistered entities and the Nevada and Washington Defendants may be benefitting from the use of the unlawful proceeds from the fraud to defend against the rightful owners of the property.

<u>Argument</u>

**A.   Application of the PSLRA Discovery Stay in this Matter would be Inconsistent with the Provision's Intended Purposes.**

The PSLRA stay was enacted as a procedural safeguard to prevent plaintiffs from using discovery as a means to drive up the costs of litigation and thereby creating leverage to encourage settlement.  H.R. Conf. Rep. No. 104-369, at 31-2 (1995).  It was also intended that it would thwart the abuse of the discovery process to strengthen otherwise dismissible claims made in the complaint. S. Rep. No. 104-98, at 14 (1995).  It was enacted in response to an increase in securities fraud lawsuits perceived as frivolous, including shareholder strike suits and other meritless lawsuits.  *Instituto de Prevision Militar v.*

6

*Merrill Lynch*, 546 F.3d 1340, 1344-45 (11th Cir. 2008); *Newby v. Enron Corporation*, 338 F.3d 467, 470 (5th Cir. 2003)(permitting a federal district court to order a stay in related state court case where it was apparent that plaintiffs were filing in state court to avoid the discovery stay imposed in federal securities class actions). The rationale underlying the stay was to prevent costly "extensive discovery and disruption of normal business activities" until a court could determine whether a filed suit had merit, by ruling on the defendants' motion to dismiss. *Id* at 471.

In the current proceedings, Plaintiffs' desire to move forward with the discovery process is legitimate and does not frustrate the provision's purpose as the perceived abuses alluded to by Congress are absent in this case. Plaintiffs' attempt to recover their personal property, after being solicited to deposit and trade their shares with a group of formerly disciplined stock brokers and convicted felons, is not the type of fishing expedition and "strike" suit that can even be labeled as a search for a misrepresentation to support an otherwise baseless claim. In contrast, this action involves bona-fide claims and Defendants' blatant disregard of U.S. securities laws to defraud foreign investors; one which ultimately succeeded to deprive Plaintiffs of their property.

**B. The PLSRA Discovery Stay should not Apply to Plaintiffs' State Law Claims.**

The Washington and Nevada Defendants' motion for a complete stay of discovery demonstrates a fundamental misunderstanding of the application and use of the PSLRA stay provision. While a stay of discovery pending a decision on a motion to dismiss can be appropriately applied to federal securities claims, discovery relating to Plaintiffs' state law claims should not be halted where there is a separate jurisdictional basis. "The availability of a single forum to hear both federal and state claims should not be diminished by an unduly broad application of a statute which itself is an exception to the usual practice in federal courts--permitting discovery to continue during the pendency of a motion to dismiss." *Tobias Holdings, Inc. v. Bank United Corp.*, 177 F.Supp.2d 162, 169 (S.D.N.Y. 2001). This holding that supports judicial efficiency has also been recognized in Florida. See *Koock v. Sugar & Felsenthal, LLP.*, 8:09-cv-609-T-17 EAJ, 2009 WL 2579307 (M.D.Fla 2009).

Plaintiffs' First Amended Complaint asserts that this Court maintains jurisdiction under 28 U.S.C. §§1331, 1332, and 1367, as well as Fla. Stat. 48.193. ¶19-20. As such, not only does the Court maintain jurisdiction as a federal question and for state law claims as supplemental to the federal litigation, this

Court has independent grounds to exercise jurisdiction under §1332 with the diversity of citizenship and the amount in controversy in the matter as well as that provided under Florida law for certain enumerated acts. The independence of the state and common law claims raised in Plaintiffs' Complaint provides legally cognizable and substantive causes of action that are not pendent on the federal securities claims. Accordingly, it cannot be said that Plaintiffs are attempting to circumvent the automatic stay provision by "simply append[ing] state law securities fraud or common law fraud claims to [their] Complaint." *Tobias* at 167. Despite arising from the same set of facts, the independent jurisdictional basis of the state law claims distinguishes this situation from those where the PSLRA's automatic stay has been applied. See *Spears v. Metropolitan Life Insurance*, 2007 WL 1468697 (N.D.Ind. 2007)(discovery was stayed where there was no independent jurisdictional basis underlying plaintiffs' state law claim; instead, jurisdiction was based on supplemental jurisdiction). Therefore, regardless of whether this Court finds that discovery will be required to avoid undue prejudice to Plaintiffs, discussed *infra*, discovery should be allowed to proceed with regards to the state law claims. See *Angell Investments, LLC v. Purizer Corp.*, No. 01-C-6359, 2001 WL

9

1345996, at 2 (N.D. Ill., Oct. 31, 2001)(discovery on state law claims permissible even in light of the PSLRA).

    **C.    Particularized Discovery Requests should be Allowed so as to Avoid Undue Prejudice to the Plaintiffs.**

While the courts have recognized that discovery for federal securities actions should generally be permitted only after the court has sustained the legal sufficiency of the complaint, the automatic stay provision, even where it is applicable, is not absolute. Congress provided a judicial reprieve from the stay by stating that "in any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, **unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party** (emphasis added). 15 U.S.C. § 78u-4(b)(3)(B). Undue prejudice has been defined as "improper or unfair detriment" that need not reach the level of irreparable harm. See *Med. Imaging Ctrs. of Am. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D.Cal. 1996). Courts have found that prejudice to a Plaintiff's ability to litigate and resolve their claims as expeditiously as possible are just reasons to lift a stay on discovery. *In re Royal Ahold N.V Securities & ERISA Litigation*, 319 F.Supp.2d 634 (D.Md.2004)(lifting the stay to permit discovery against non-parties in order to expeditiously resolve

litigation against the named defendants). In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Koock at 4* (permitting discovery to move forward despite a request for discovery stay and holding that Fed. R. Civ. P. 26(a) mandatory disclosures may lead to the identity of individuals with knowledge of the extent of contacts with Florida to support jurisdiction); *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006). To this end a court must take a preliminary peek at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive". *Id.*

The Washington and Nevada Defendants, relying on *Hillard v. Black*, 125 F.Supp.2d 1071 (N.D.Fla. 2000), propose that all discovery be stayed; including that of initial disclosures and discovery from all Defendants and non-parties. However, in doing so, Defendants have not provided for any evidence of harm which would result if the Court permitted discovery nor met their burden on why discovery should not be had. *S.K.Y. Mgt. LLC v. Greenshoe, Ltd.*, 1:06-cv-21722-JAL, 2007 WL 201258 (S.D.Fla. Jan. 24, 2007)(the burden on the Defendant here to stop all discovery before its legal defenses are finally

resolved is a heavy one).  A party seeking a discovery stay bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652, (M.D. Fla. 1997). See also *In re Winn Dixie Stores, Inc. ERISA Litigation*, 3:04-cv-194-J-33-MCR, 2007 WL 1877887 at 5 (M.D. Fla. June 28, 2007)(declining to grant protective order for failure to show "good cause" and permitting discovery to continue during the pendency of a motion to dismiss with complex issues).

On the other hand, the facts present in the current matter support the contention that Plaintiffs' would face undue prejudice without at least the allowance of particularized discovery.  First, while Plaintiffs have identified a substantial portion of the operation of Defendants' scheme and the individual conspirators which have consummated the fraud, Plaintiffs are severely prejudiced with the limited information that has been made available to them.  In particular, such information will not only aid Plaintiffs in their ultimate recovery, but may also reveal information which has substantive bearing on the jurisdictional issues presently before the Court.  This information may reveal other conspirators which should be named as parties to this litigation, a continuity of business in the State of Florida sufficient to further support general

12

jurisdiction over all Defendants, and other relevant information.

Second, while Defendants have not identified any harm in permitting such discovery at this time, Plaintiffs are subject to harm at multiple levels. Most importantly, Plaintiffs have raised concerns that Defendants have already laundered the proceeds to foreign jurisdictions and further delay may only provide Defendants additional time to conceal and dissipate assets; a harm which has been recognized as qualifying as undue prejudice. *In re Worldcom, Inc. Securities Litigation*, 234 F.Supp.2d 301 (S.D.N.Y 2002)(where defendant was insolvent, inaccessibility to documents would prejudice litigations competing for a limited pool of settlement funds); *In re Royal Ahold* at 250-253 (lifting the stay as to an insolvent defendant, but upholding as to a solvent one).

Third, complicating the situation and lengthening the litigation process is the fact that discovery will be sought from foreign entities. Such international involvement will require that Plaintiffs conduct discovery under both U.S and international law. Further, despite the automatic preservation order imposed by the PSLRA, §21D(b)(3)(C) of the Exchange Act, and even assuming that any of these foreign entities will attempt to defend their actions in U.S. courts, the Costa Rican

courts are unlikely to honor or enforce such pre-judgment orders; increasing the likelihood that evidence could be hidden or disposed of and done so without any legal repercussions.

Fourth, even assuming that this Court would be willing to entertain Defendants' jurisdictional arguments and would further be unwilling to transfer and consolidate such actions for pre-trial proceedings, such would not be dispositive of Plaintiffs' claims and their actions could clearly be filed in other jurisdictions. *Feldman at* 652 (where a motion is pending to attack jurisdiction or venue, there is no good reason to delay since the action can be refiled elsewhere).

## Conclusion

For the reasons cited herein, Plaintiffs request that this Court deny Defendants' Motion to Stay Discovery. Plaintiffs, who should be entitled to proceed with discovery as consistent with the purposes of the PSLRA and their state based claims, will face undue prejudice without being granted the immediate ability to seek discovery pertaining to the whereabouts of their converted assets and the identities and affiliations of those responsible for this fraud.

Respectfully submitted this 23rd day of June, 2010.


/s/ Michael Stegawski
Michael Stegawski, Esq.
Florida Bar No. 51589

Convergent Advisory Services, P.A.
5200 NW 33rd. Ave., Suite 207
Fort Lauderdale, FL 33309
Tel: (866) 439-4942
Fax: (866) 927-1674
Email: michael@globalsecuritieslaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 10-20426-CIV-GRAHAM/TORRES

CARLO DEMARIA, JIMMY DEMARIA,
MAURO MARCHIONI, et al.,

    Plaintiffs,

vs.

GISBEX CLEARING CORPORATION,
S.A., et al.,

Defendants.
_____

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 23rd day of June, 2010, I electronically filed the within and foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                        /s/ Michael Stegawski_____
                                        Michael Stegawski, Esq.

**SERVICE LIST**
**Demaria, et al. v. Gisbex Clearing Corporation, S.A., et al.**
**Case No. 1:10-cv-20426-DLG**
**United States District Court, Southern District of Florida**

Joseph W. Beasley
Attorney Email: jwb@florida-attorneys.com
Josephs Jack
2699 South Bayshore Drive, 7th Floor
Miami, FL 33133
Tel: (305) 445-3800
Fax: (305) 448-5800