UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 10-20426-CIV-TORRES

CONSENT CASE

CARLO DEMARIA, JIMMY
DEMARIA, MAURO MARCHIONI, et
al.,

    Plaintiffs,

vs.

GISBEX CLEARING
CORPORATION, S.A., et al.,

    Defendants.

## PLAINTIFFS' NOTICE OF SETTLEMENT

Plaintiffs Carlo DeMaria, Jimmy DeMaria, Mauro Marchioni, Giuseppe DeMaria, and Municipal Web Portal Solutions, Inc. ("**Plaintiffs**"), by and through their undersigned counsel, hereby provide notice to this Court that a settlement agreement had been reached on or about February 11, 2013. The settlement is entered into with a full release of all claims related to this litigation; subject only to the consent of the executing parties to the continuing jurisdiction of this Court for enforcement of the settlement and any post-judgment proceedings related thereto.

Accordingly, Plaintiffs request that this Court administratively close the case for a period of sixty (60) days for the appearing parties to file a

stipulation of dismissal, and/or permit any party to re-open the proceedings, or enter such other order as it deems proper.[1]

Respectfully submitted this 12th day of February, 2013.

/s/ Michael Stegawski
Michael Stegawski, Esq.
Florida Bar No. 51589

Convergent Advisory Services, P.A.
1111 Brickell Avenue, Suite 1100
Miami, FL 33131
Tel: (800) 750-9861
Fax: (866) 927-1674
Email: michael@globalsecuritieslaw.com

*Attorney for Plaintiffs*

---

[1] A court has broad discretion to stay and administratively close a case, such as that for the pendency of an appeal, in order to manage the cases before it and to conserve resources. *Madura v. BAC Home Loans Servicing L.P.*, Case No. 8:11-cv-2511, 2013 U.S. Dist. Lexis 4623 (M.D. Fla. Jan. 11, 2013); citing *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). An administrative closure of the case in light of settlement is proper. *United States ex rel. Osheroff v. Humana, Inc.*, Case No. 10-24486, 2012 U.S. Dist. Lexis 139949 (S.D. Fla. Sept. 28, 2012)(ordering the clerk to administratively close a case with permission by either party to reopen if there is a problem with final settlement); see also *Hughes v. Matchless Metal Polish Co.*, Case No. 2:04-cv-485-FtM-29DNF, 2007 U.S. Dist. Lexis 70472 (M.D. Fla. Sept. 24, 2007).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-20426-CIV-TORRES

CONSENT CASE

CARLO DEMARIA, JIMMY DEMARIA, MAURO MARCHIONI, et al.,

    Plaintiffs,

vs.

GISBEX CLEARING CORPORATION, S.A., et al.,

    Defendants.

_____

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of February, 2013, I electronically filed the within and foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                   /s/ Michael Stegawski
                                                   Michael Stegawski, Esq.

<u>SERVICE LIST</u>

Demaria, et al. v. Gisbex Clearing Corporation, S.A., et al.
Case No. 1:10-cv-20426-TORRES
United States District Court, Southern District of Florida


Robin Rushing
2411 W. Second, Apt. #8
Spokane, WA 99201
robinrushing@yahoo.com